T.C. Memo. 2007-94

UNITED STATES TAX COURT

ESTATE OF NANCY SBLENDORIO, DECEASED, MICHAEL F. POPPO, EXECUTOR,
Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12325-05L.                    Filed April 23, 2007.

<u>Eugene B. Fischer</u>, for petitioner.

<u>Michelle L. Maniscalco</u>, for respondent.


MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This case is before the Court for review of a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 (notice of determination).[1]  Respondent

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
                                            (continued...)

moves for summary judgment, pursuant to section 6330(c)(2)(B) and section 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs., because Michael Poppo, as executor of the Estate of Nancy Sblendorio, was offered and participated in a conference with Appeals and thus cannot properly raise the underlying tax liability in a collection review proceeding.  For the reasons stated herein, we shall grant respondent's motion.

## Background

Nancy Sblendorio died in April 2000.  Michael Poppo was appointed executor of her estate and resided in Armonk, New York, at the time he filed this petition on behalf of the estate.

The estate's fiscal year 2001 Form 1041, U.S. Income Tax Return for Estates and Trusts, was due on October 15, 2002.  The estate requested and was granted an extension of time to file its 2001 tax return until January 15, 2003.  On April 7, 2003, Mr. Poppo filed the estate's 2001 income tax return.

On July 28, 2003, respondent assessed additions to tax for failure to pay, failure to file, and failure to make estimated payments for fiscal year 2001.  Respondent's assessment of the additions to tax did not reflect the extension of time the estate had been granted to file the return.  Respondent then issued a notice and demand for payment for the additions to tax.

----

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

In a letter dated August 27, 2003, Mr. Poppo requested an abatement of the additions to tax for reasonable cause, which was received for review by the IRS Service Center in Cincinnati, Ohio. Mr. Poppo explained that at the time the estate's income tax return was originally due, October 15, 2002, he did not have sufficient information concerning the income of the estate to file the return and thus requested an extension of time to file the return until January 15, 2003. Mr. Poppo went on to explain that he mistakenly believed that he had filed the estate's tax return and paid the taxes due before the January 15, 2003, deadline and that it was not until several months later when the check had not cleared that he realized the return had not been filed. On November 17, 2003, the Cincinnati Service Center issued a notice that the request for abatement was denied.

Mr. Poppo, represented by counsel, then filed an appeal with respondent's Appeals Office. Mr. Poppo's letter to Appeals, dated December 26, 2003, reprised his earlier argument raised before the Cincinnati Service Center concerning his mistaken belief that the estate's tax return had been filed and taxes paid timely. Mr. Poppo further argued for abatement because of his lack of experience as an executor, the small but complicated assets and income of the estate, and the large number of beneficiaries of the estate. In subsequent correspondence and

telephone conversations with the Appeals officer, Mr. Poppo again requested relief from the additions to tax for reasonable cause.

On April 5, 2004, while the appeal was still pending, the Cincinnati Service Center issued a notice to Mr. Poppo indicating that the additions to tax had been reduced. This notice was without explanation, and in response, Mr. Poppo sent a letter to the Cincinnati Service Center asking for more information. On June 9, 2004, the Cincinnati Service Center issued a letter explaining that the additions to tax for late filing had been reduced to account for the extension of time to file the return.

On August 31, 2004, respondent's Appeals Office issued a letter to Mr. Poppo indicating that the assessed additions to tax had been sustained. The Appeals officer stated that Mr. Poppo had not established reasonable cause for the late filing and failure to pay. The Appeals officer further indicated that Mr. Poppo failed to provide information to support his belief that the return had been filed and taxes paid timely and that Mr. Poppo failed to provide a copy of the approved extension of time to file as requested by the Appeals officer.

On November 19, 2004, respondent issued to the estate a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320. Thereafter, Mr. Poppo timely submitted Form 12153, Request for a Collection Due Process Hearing, on behalf of the estate. The only issues Mr. Poppo raised in this request

were the underlying liability for additions to tax and respondent's failure to consider his arguments with respect to reasonable cause. A settlement officer for respondent then reviewed the request and determined that he could not consider the underlying liability because it had already been considered in an Appeals conference. On June 1, 2005, the settlement officer issued the notice of determination indicating that since the underlying liability had been raised previously in a conference with Appeals, it could not be raised again in a collection review proceeding and that Mr. Poppo had not raised any collection alternatives.

In response to the notice of determination, Mr. Poppo filed a petition with this Court on July 5, 2005. Mr. Poppo again challenges the underlying liability for the additions to tax, arguing that there was reasonable cause to excuse the late filing and that the additions were assessed without a notice of deficiency. Mr. Poppo further alleges that the estate was never provided a hearing with respondent's Appeals Office.

## Discussion

Summary judgment may be granted where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 12 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that

there is no genuine issue of material fact, and factual

inferences will be read in the manner most favorable to the party

opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C.

812, 821 (1985).  When a motion for summary judgment is made and

properly supported, the adverse party may not rest upon mere

allegations or denials of the pleadings but must set forth

specific facts showing that there is a genuine issue for trial.

Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

We are satisfied that no genuine issues of material fact

exist and judgment as a matter of law is appropriate.  Under

section 6330(c)(2)(B), a taxpayer may dispute the underlying

liability in a collection review proceeding "if the person did

not receive any statutory notice of deficiency for such tax

liability or did not otherwise have an opportunity to dispute

such tax liability."[2]  Respondent interprets "otherwise have an

opportunity to dispute such tax liability" to include a

conference with Appeals.[3]  Sec. 301.6320-1(e)(3), Q&A-E2, Proced.

_____

[2] While Mr. Poppo alleges that he did not receive a notice
of deficiency, no notice is required where the Commissioner
assesses additions to tax under secs. 6651 and 6654 which are
unrelated to a deficiency in tax.  Sec. 6665(b).  Accordingly, we
do not address the applicability of sec. 301.6320-1(e)(3), Q&A-
E2, Proced. & Admin. Regs., and the phrase "otherwise have an
opportunity" in sec. 6330(c)(2) to situations requiring a notice
of deficiency.

[3] Respondent argues beyond the facts of this case that an
offer of a conference with Appeals, even if the taxpayer does not
take advantage of it, would also preclude subsequent

(continued...)

& Admin. Regs.; see <u>Lewis v. Commissioner</u>, 128 T.C. __ (2007) (finding section 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs., to be a reasonable interpretation of section 6330(c)(2)(B)).

Upon notice of the additions to tax, Mr. Poppo filed a request for abatement with respondent's Cincinnati Service Center. Mr. Poppo submitted correspondence presenting information in support of his request and argued that the additions to tax should be abated for reasonable cause. The request for abatement was denied, and Mr. Poppo then filed an appeal with respondent's Appeals Office. Mr. Poppo again submitted correspondence and participated in multiple telephone conversations with the Appeals officer, presenting information and arguments in support of his request for abatement of the additions to tax. The Appeals officer then sustained the assessment of the additions to tax. Thus, we find Mr. Poppo was afforded a conference with Appeals in which he had the opportunity to dispute the underlying liability for additions to tax.

---

[3](...continued) consideration of an underlying tax liability in a collection review proceeding. We reserve judgment on whether such an offer would preclude subsequent consideration of an underlying liability in a collection review proceeding (and if so, what information would have to be included in the offer).

Mr. Poppo argues that because there was no face-to-face meeting, there was no "hearing" as that term is commonly understood. First, Mr. Poppo has not presented any evidence to suggest that he requested an in-person hearing during the Appeals process. Moreover, a face-to-face hearing is not a prerequisite for Appeals consideration. Conferences with Appeals are informal. Sec. 601.106(c), Statement of Procedural Rules. The correspondence and telephone conversations between Mr. Poppo and the Appeals officer are sufficient to constitute a conference with Appeals.

Mr. Poppo also argues that he could not have received Appeals consideration because the letter denying relief demonstrates that the Appeals officer misunderstood one of Mr. Poppo's arguments for abatement. The Appeals officer denied the request for abatement, in part, because Mr. Poppo did not provide any information to support his suggestion that he had filed the estate's return and paid the taxes due timely. Mr. Poppo argues, however, that he had never suggested to the Appeals officer that he actually filed the return on time, only that he was under the mistaken belief that he had filed the return. While this evidence may suggest that the Appeals officer did not correctly understand Mr. Poppo's argument, it does not suggest that the officer did not consider Mr. Poppo's arguments. Mr. Poppo has not presented any evidence to create a question of fact of

whether he was afforded a conference with Appeals.  Accordingly, because Mr. Poppo had an opportunity to dispute the underlying tax liability in a conference with the Appeals Office, he may not raise that underlying liability again in a collection review hearing or before this Court.  See sec. 6330(c)(2)(B); sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

Mr. Poppo has not raised in his petition any issues, other than the underlying liability, with respect to respondent's proposed collection action.  Therefore, for the reasons stated, respondent's motion for summary judgment will be granted.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.